## SUPREME COURT—IN BANCO.

### JULY TERM—1872.

*Allen, Ch. J., and Widemann, J.*

### THE KING *vs.* KEKAULA,—APPEAL FROM THE POLICE JUSTICE OF HILO.

IT is not a NUISANCE to obstruct a WAY opened over the defendant's land unless opened in conformity with the statute.

Chief Justice ALLEN delivered the decision of the Court as follows:

A complaint was entered before the Police Justice of Hilo against the defendant, in which it was alleged that he had obstructed the public highway at Punaluu, in the District of Kau, contrary to Section 4, Chapter 36 of the Civil Code, in the months of February and March last past.

The defendant plead not guilty, but acknowledged that he had placed an obstruction on the road, as charged, but that

he was justified in doing it. Judgment was rendered against him by the Police Justice, upon which he entered an appeal to the Supreme Court.

It appears in evidence that the traveled highway was injured by a wave of the sea, and a detour was made on the land of the defendant and others to accommodate the public travel. After this opening of a new road by the Supervisor, he called the owners of the land together, and they consented that the land should be used for a road on condition that they were paid for it. Afterwards, the Minister of the Interior appointed a Commission to appraise the land damages, in which the defendant acquiesced, and their opinion was that the defendant was not entitled to any damage, as the land in their judgment was valueless. It appears that the old road, which was injured, was repaired in November, 1871, and that it was a better road than the new one at the time the defendant placed the obstruction complained of.

The mode of opening a new road is prescribed by the statute. It declares "that upon the request of fifty or more poll tax payers of any district to the Minister of the Interior, that a new road be opened, or that an old road be shut up in that district, said Minister may appoint a jury of twelve persons to decide on the propriety of the measure proposed, and their decision, when agreed to by at least nine of said jury, shall be acted upon by the Road Supervisor of such district."

It is a very plain proposition that when the statute prescribes a mode for opening a road, it must be strictly pursued in order to constitute it a legal road. The laws scrupulously guard the vested rights of property. In this case, a request of fifty or more poll tax payers was not made to the Minister of the Interior that a new road be opened, and of course no jury of twelve persons was appointed, to decide on the propriety of the measure. But the opinion of the Supervisor was taken upon the propriety of the road, instead of the judgment of a jury.

In the case of Pritchard *vs.* Atkinson, 3 N. H., 335, the Court say, "that the selectmen are empowered to lay out roads only on application made to them. They are not authorized to lay out roads when and where they please, but to give them power to act an application must be made to them by some person or persons. It must therefore in some way appear that they acted upon application, in every case, in order to render their proceedings legal."

In the case of the State *vs.* Sturtevant, 18 Maine, it is decided that "to maintain an indictment for the obstruction of a town or private way, it must be shown that such way was laid out and established pursuant to statute provisions." Wiggin *vs.* Exeter, 13 N. H., 307.

Our statute is the same in principle. A request of fifty or more poll tax payers must first be made to the Minister of the Interior that a new road be opened, and then he may appoint a jury of twelve persons to decide on the propriety of the measure. In this case none of these requisites have been complied with, and therefore the road has not been legally opened. And as there is no public highway as alleged, the allegations in the complaint that obstructions have been placed upon it must fail.

It was not competent for Kekaula, by any act of his, to legalize the establishment of a public highway. He could have conveyed to the government his title to the land, and his acts of obstruction, as charged, would have been a trespass, for which he would have been liable; but as there is no legally established road, the complaint of obstructions upon it can not be sustained. The decision of the question of the legality of the road determines, in our opinion, the whole matter in controversy; and therefore it is unnecessary to consider the remaining points made in the case.

Judgment for defendant.

Attorney General for the Crown.

W. C. Jones for the appellant.